UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODIE SCRIBNER,<br><br>    Plaintiff,<br><br>  v.<br><br>POLLACK & ROSEN, P.A.,<br><br>    Defendant. | No. 2:25-cv-01487-CKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 9) |

  Plaintiff Jodie Scribner moves the Court for default judgment against defendant Pollack & Rosen, P.A. ("Pollack & Rosen").[1] (ECF No. 9.) Specifically, plaintiff seeks a default judgment against defendant for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) and the Rosenthal Fair Debt Collection Practices Act under California law. Plaintiff appears to seek $2,000 in statutory damages, "judgment interest as provided by law," $3,035.00 in attorney's fees and costs, and "actual damages in an amount supported by Plaintiff's declaration," however, plaintiff does not clearly specify an amount of damages sought.

  Defendant has neither appeared nor opposed the motion. The Court previously ordered this motion submitted without appearance and argument pursuant to Local Rule 230(g). (ECF No.

---

[1] This motion is referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1)(A).

1

10.) For the reasons set forth below, plaintiff's motion for default judgment should be denied without prejudice.

## I.   BACKGROUND

On May 28, 2025, plaintiff filed a complaint against defendant for violations of the Fair Debt Collections Practices Act ("FDCPA") (15 U.S.C. § 1692 et seq.) and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") (Cal. Civ. Code § 1788). (ECF No. 1.) Plaintiff alleges defendant is a law firm specializing in debt collection, headquartered in Coral Gables, Florida. (Id. ¶ 5.) Plaintiff incurred an outstanding consumer obligation to eBay, Inc. totaling $3,696. (Id. ¶ 7.) Defendant acquired the right to collect on this debt. (Id. ¶ 8.) On or around March 18, 2025, defendant sent a digital communication to plaintiff in an attempt to collect on the debt but did not include their debt collection license number. (Id. ¶¶ 9, 10.) Plaintiff did not know if she was being contacted by a legitimate business. (Id. ¶ 11.) Plaintiff alleges this "misleading conduct" has severely disrupted plaintiff's daily life and general well-being. (Id. ¶ 12.) Plaintiff seeks "statutory and actual damages in an amount to be determined at trial" for violations of the FDCPA, "actual damages, pursuant to Cal. Civ. Code § 1788.30(a)," statutory damages up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b), and reasonable costs and attorney's fees." (Id. at 5, 6.)

In the motion for default judgment, plaintiff requests that the Court enter judgment against defendant, and seeks statutory damages totaling $2,000, "actual damages in an amount supported by Plaintiff's declaration," reasonable attorney's fees and costs," and judgment interest as provided by law. (ECF No. 9 at 3.) On June 24, 2025, plaintiff filed a proof of service indicating that defendant was served via its registered agent on June 9, 2025. (ECF No. 4.)

On September 2, 2025, plaintiff requested a Clerk's Entry of Default as to defendant (ECF No. 5), and on September 4, 2025, the Clerk entered default against defendant (ECF No. 6). Plaintiff's motion for default judgment filed October 17, 2025 (ECF No. 9) is now before the Court.

/////

/////

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the court may require the moving party to produce evidence in support of the motion for default judgment. See TeleVideo Sys., 826 F.2d at 917-18.

Default judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

## III. DISCUSSION

### A. Jurisdiction

#### 1. Subject Matter Jurisdiction

When default judgment is sought, the "district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th

3

Cir. 1999) (citations omitted). The Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1331 because it arises under the FDCPA. The Court has supplemental jurisdiction over the state law Rosenthal Act claim under 28 U.S.C. § 1367, given the relatedness of the claims. The Court's jurisdiction analysis is not a finding that the claims were sufficiently pled.

### 2. Personal Jurisdiction

To enter default judgment, the court must have a basis for the exercise of personal jurisdiction over the defendants in default. In re Tuli, 172 F.3d at 712. "Without a proper basis for [personal] jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

In order to subject a non-resident defendant to personal jurisdiction, that defendant must have enough minimum contacts with the forum state that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945) (citation omitted).

Here, plaintiff alleges that defendant is headquartered in Coral Gables, Florida, and collects on consumers in the state of California. (ECF No. 1 ¶ 5.) For the purposes of this motion, this is sufficient to establish personal jurisdiction.

### B. Service of Complaint

In reviewing a motion for default judgment, the court must determine whether defendant was properly served with the summons and complaint. Fed. R. Civ. P. 4(c).

A return of service filed on June 24, 2025, indicates that defendant was served via a registered agent, National Registered Agents, Inc., 330 N. Brand Blvd, Glendale, California 91203, and states a person named Sarai Marin was served. (ECF No. 4.) Based on the information in the return of service, it appears defendant was properly served. See Fed. R. Civ. P. 4(h) (a corporation, partnership, or association must be served in a judicial district of the United States in the matter prescribed by Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by

appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant"); id. at 4(e)(1) (an individual may be served by following state law in the state where the district court is located); Cal. Civ. Proc. Code §§ 415.10, 416.10, 416.30 (providing for service of an association by delivering a copy of the summons and the complaint to the person designated as agent for service of process).

### C.  Deficient Motion for Default Judgment

Plaintiff's motion for default judgment is three pages long, and has no argument, legal analysis, or citation to legal authority supporting the motion. (See ECF No. 9.)

Courts, including this district court, regularly deny default judgment motions that are deficient. See S.A. ex rel. L.A. v. Exeter Union Sch. Dist., 2009 WL 1953462, at *3 (E.D. Cal. July 7, 2009) (denying default judgment motion as deficient that contained no caselaw); Szabo v. Southwest Endocrinology Assoc. PLLC, 2021 WL 3411084, at *1 (D. Ariz. July 27, 2021) ("[M]otions for default judgment—at least successful ones—are typically fully developed, such that the Court has . . . all that is necessary" to award relief.); Studio 010 Inc. v. Digital Cashflow LLC, 2024 WL 2274320, at *2 (W.D. Wash. May 20, 2024) ("Plaintiff's motion for default judgment contained *no* caselaw in support of Plaintiff's commercial disparagement claim, despite the fact that it was Plaintiff's burden to demonstrate to the Court that under the pertinent law, [Plaintiff's] claims, as alleged, [we]re legally sufficient.") (emphasis in original) (internal quotation marks and citation omitted); see also Very Music Inc. v. Kid Glove Prods., Inc., 2016 WL 6674991, at *3 (C.D. Cal. Apr. 28, 2016) (finding two-page motion with only one sentence of legal analysis insufficient to justify granting default judgment, and proceeding to analyze the motion despite deficiency because defendants submitted a substantive opposition, and denying motion for default judgment). This is because "[i]t is the party's burden to demonstrate to the Court that under the pertinent law, the plaintiff's claims, as alleged, are legally sufficient." S.A. ex rel. L.A., 2009 WL 1953462, at *3; see also Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (a sufficient basis for default judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim"); Nat'l Auto Grp., Inc. v. Van Devere, Inc., 2022

WL 80324, at *2 (N.D. Ohio Jan. 7, 2022); IOU Cent., Inc. v. Kailani Tours Hawaii, LLC, 2021 WL 806340, at *2 (N.D. Ga. Feb. 24, 2021) ("A plaintiff's burden at the default judgment stage is 'akin to that necessary to survive a motion to dismiss for failure to state a claim.'" (quoting Surtain, 789 F.3d at 1245)); Garcia v. Client Resol. Mgmt., LLC, 2020 WL 2732345, at *3 (S.D. Fla. May 26, 2020).

Here, plaintiff's motion is deficient. Plaintiff provides no legal analysis, no argument, and no legal authority in the motion. The law governing motions for default judgment is well-established and plaintiff's counsel is presumably well aware of the consistently cited and applied Eitel factors. See Eitel, 782 F.2d at 1471-72. Plaintiff has failed to carry her burden. See S.A. ex rel. L.A., 2009 WL 1953462, at *3; Nat'l Auto Grp., 2022 WL 80324, at *2; IOU Cent., 2021 WL 806340, at *2; Garcia, 2020 WL 2732345, at *3. The Court therefore denies Plaintiff's deficient motion for default judgment without prejudice.

## IV.   CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED that plaintiff's motion for default judgment (ECF No. 9) is DENIED.

Dated:  December 15, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, scri.1487.25